14-3404-cv
*Cadle Co. v. Fletcher*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2015
No. 14-3404-cv

THE CADLE COMPANY,
*Plaintiff-Appellee,*

v.

MARGUERITE FLETCHER AND TERRY B. FLETCHER,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Connecticut

ARGUED: SEPTEMBER 25, 2015
DECIDED: OCTOBER 14, 2015

Before: CABRANES and POOLER, *Circuit Judges*, and GARDEPHE,
*District Judge.*[*]

---

[*] The Honorable Paul G. Gardephe, United States District Court for the
Southern District of New York, sitting by designation.

On appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) granting summary judgment to Plaintiff-Appellee on its claim of fraudulent transfer of assets and denying a motion by Defendants-Appellants for partial summary judgment. We **CERTIFY** a question to the Connecticut Supreme Court regarding the exemption of post-garnishment residual wages from further execution.

––––––––––

Paul N. Gilmore, Updike, Kelly & Spellacy, P.C., Hartford, CT, for *Plaintiff-Appellee.*

John W. Larson (Nicholas J. Harding, on the brief), Reid & Riege, P.C., Hartford, CT, for *Defendants-Appellants.*

––––––––––

PER CURIAM:

This appeal presents an unsettled question of Connecticut law regarding the interpretation of Conn. Gen. Stat. §§ 52-361a and 52-367b[1]—specifically, whether those sections exempt a judgment

––––––––––

[1] Conn. Gen. Stat. § 52-367b, titled "Execution against debts due from financial institution. Natural person as judgment debtor," provides that "[e]xecution may be granted pursuant to this section against any debts due from any financial institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by" § 52-361a. In turn, § 52-

debtor's post-garnishment residual wages held in a third party's bank account from further execution, so that they are freely transferable under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552a *et seq.* We believe it is more appropriate for the Connecticut Supreme Court to address this matter in the first instance, because it is in a better position than this Court to determine how to interpret these sections in light of Connecticut's overall statutory scheme. Accordingly, we **CERTIFY** this question to the Connecticut Supreme Court.

## BACKGROUND

Plaintiff-Appellee The Cadle Co. ("Cadle") is a judgment creditor of Defendant-Appellant Terry B. Fletcher ("Fletcher") with respect to two state court judgments amounting to more than $3 million, which remain unsatisfied. The parties have stipulated that since at least 2005, Fletcher has transferred to his wife, Defendant-Appellant Marguerite Fletcher, more than $300,000 by depositing, or causing her to deposit, his wages into her bank account. During part of this period, Cadle and another judgment creditor garnished Fletcher's wages.

In 2011, Cadle sued the Fletchers in the District Court to recover those transfers, bringing three claims under the Connecticut

---

361a allows a creditor to execute on the debtor's wages in the amount of "the lesser of (1) twenty-five per cent of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed forty times the higher of" the federal or state minimum wage. § 52-361a(f).

3

Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. § 52-552a *et seq.*[2] (Cadle also brought an alternative equitable claim, not at

---

[2] CUFTA provides that a

> transfer made . . . by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made . . . and if the debtor made the transfer . . . : (1) With actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Conn. Gen. Stat. § 52-552e(a). CUFTA defines "transfer" as "every mode . . . of disposing of or parting with an asset or an interest in an asset." *Id.* § 52-552b(12). Finally, CUFTA defines an asset as "property of a debtor," but excludes, in relevant part, "property to the extent it is generally exempt under nonbankruptcy law." *Id.* § 52-552b(2).

Connecticut General Statute § 52-352b, titled "Exempt Property," provides that the

> following property of any natural person shall be exempt:
>
> (a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;
>
> (b) Tools, books, instruments, farm animals and livestock feed, which are necessary to the exemptioner in the course of his or her occupation, profession or farming operation;
>
> (c) Burial plot for the exemptioner and his or her immediate family;
>
> (d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

4

(e) Health and disability insurance payments;

(f) Health aids necessary to enable the exemptioner to work or to sustain health;

(g) Workers' compensation, Social Security, veterans and unemployment benefits;

(h) Court-approved payments for child support;

(i) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;

(j) One motor vehicle to the value of three thousand five hundred dollars, provided value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it;

(k) Wedding and engagement rings;

(l) Residential utility deposits for one residence, and one residential security deposit;

(m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a;

(n) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under section 52-361a;

(o) An award under a crime reparations act;

(p) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business;

(q) All moneys due the exemptioner from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt;

(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars;

issue here.) Both parties moved for partial summary judgment, and the District Court granted partial summary judgment for Cadle on one of its claims. The Fletchers appealed. The District Court subsequently entered final judgment after dismissing Cadle's equitable claim as moot and dismissing its remaining claims without prejudice.

## DISCUSSION

### I. Exemption of Post-Garnishment Residual Wages

This case presents a question of Connecticut law that no appellate court has answered: whether Conn. Gen. Stat. §§ 52-361a and 52-367b, read together, exempt post-garnishment residual

---

(s) Any interest of the exemptioner not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the exemptioner under which the insured is the exemptioner or an individual of whom the exemptioner is a dependent;

(t) The homestead of the exemptioner to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it; and

(u) Irrevocable transfers of money to an account held by a debt adjuster licensed pursuant to sections 36a-655 to 36a-665, inclusive, for the benefit of creditors of the exemptioner.

Notably, this statute does not provide that the balance of wages, post-garnishment, is exempt from execution.

wages held in a third party's bank account from further execution, so that they become freely transferable under CUFTA.

The District Court answered that question in the negative. Although its well-reasoned opinion accords with an earlier District of Connecticut decision[3] and one Superior Court opinion,[4] the weight of state authority—including two Superior Court cases,[5] an opinion of the state Attorney General,[6] and a Judicial Branch form[7]— has adopted the contrary view.

---

[3] *Cadle Co. v. Jones*, No. 3:00CV316WWELEAD, 2004 WL 2049321, at *6 (D. Conn. Aug. 20, 2004).

[4] *Schoonmaker George & Colin, P.C. v. Siriwardene*, No. FSTCV095010883S, 2009 WL 3086381, at *1 (Conn. Super. Ct. Aug. 24, 2009).

[5] *Cmty. Inv. Corp. v. Sirico Prof'l Servs.*, No. NNHCV146051279, 2015 WL 4880282, at *5 (Conn. Super. Ct. July 16, 2015); *Discover Bank v. Marchetti*, No. HHBCV116010114, 2012 WL 3064665, at *4 (Conn. Super. Ct. June 21, 2012).

[6] Conn. Att'y Gen. Op. No. 2002-005, 2002 WL 393991, at *4 (Feb. 1, 2002); *cf. Wiseman v. Armstrong*, 850 A.2d 114, 127 (Conn. 2004) ("Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive." (internal quotation marks omitted)).

[7] Form JD-CV-24a, Appellant's Br. Add. 15. Connecticut courts have sometimes looked to Judicial Branch forms in construing statutes, *see In re Elvin G.*, 78 A.3d 797, 821 (Conn. 2013) (Zarella, J., dissenting); *State v. Bernacki*, 52 A.3d 605, 630 n.14 (Conn. 2012) (Eveleigh, J., dissenting); *In re Darlene C.*, 717 A.2d 1242, 1249 (Conn. 1998), although Cadle has sharply criticized the process by which this particular form was issued, *see* Appellee's Br. 46-49.

## II. Certification

We are permitted to certify a question to the Supreme Court of Connecticut "if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d); *see also* 2d Cir. Local R. 27.2(a). "We have long recognized that state courts should be accorded the first opportunity to decide significant issues of state law through the certification process, and that, especially where the issues implicate the weighing of policy concerns, principles of comity and federalism strongly support certification." *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 334 (2d Cir. 2015) (brackets and internal quotation marks omitted).

Certification is appropriate here for three reasons. First, this question is determinative of the pending appeal, and no prior case is controlling. Second, the divergence between federal and state interpretation counsels in favor of certification. Third, postjudgment execution is a deeply sensitive policy matter for Connecticut, whose legislature recently revised § 52-367b. We believe it is more appropriate for the Connecticut Supreme Court to address this matter in the first instance because it is in a better position than this Court to determine how to interpret these sections in light of Connecticut's overall statutory scheme.

## CONCLUSION

For the foregoing reasons and pursuant to Conn. Gen. Stat. § 51-199b and Local Rule 27.2 of this Court, we respectfully **CERTIFY** to the Connecticut Supreme Court the following question:

"Do Conn. Gen. Stat. §§ 52-361a and 52-367b, read together, exempt post-garnishment residual wages held in a third party's bank account from further execution, so that they become freely transferable under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552a *et seq.*?"

"The Connecticut Supreme Court may modify [this] question[] as it sees fit and, should it choose, may direct the parties to address other questions it deems relevant." *Munn*, 795 F.3d at 337.

It is hereby **ORDERED** that the Clerk of this Court transmit to the Clerk of the Connecticut Supreme Court a copy of this opinion as our certificate, together with a complete set of the briefs, the appendix, and the record filed in this Court by the parties. The parties shall bear equally all fees and costs that may be imposed by the Connecticut Supreme Court in connection with this certification. This panel retains jurisdiction over this case and will resume its consideration of this appeal after the disposition of this certification by the Connecticut Supreme Court.