The **CADLE COMPANY**,
Plaintiff–Appellee,

v.

Marguerite **FLETCHER** and Terry B. Fletcher, Defendants–Appellants.

No. 14–3404–cv
August Term 2015

United States Court of Appeals,
Second Circuit.

Argued: September 25, 2015

Decided: February 6, 2017

Paul N. Gilmore, Updike, Kelly & Spellacy, P.C., Hartford, CT, for Plaintiff–Appellee.

John W. Larson (Nicholas J. Harding, on the brief), Reid & Riege, P.C., Hartford, CT, for Defendants–Appellants.

Before: CABRANES and POOLER, Circuit Judges, and GARDEPHE, District Judge.*

PER CURIAM:

Defendants–Appellants Marguerite Fletcher and Terry B. Fletcher appeal the August 13, 2014 judgment of the District Court granting summary judgment to Plaintiff–Appellee on its claim of fraudulent transfer of assets and denying a motion by Defendants–Appellants for partial summary judgment. The primary question on appeal is whether a judgment debtor's

residual wages after garnishment are exempt from further execution under Conn. Gen. Stat. §§ 52–361a and 52–367b, and thus should not be considered "assets" under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52–552a et seq.[1]

On October 14, 2015, we entered an order certifying the question of whether Conn. Gen. Stat. §§ 52–361a and 52–367b exempt a judgment debtor's post-garnishment residual wages from further execution to the Connecticut Supreme Court. See Cadle Co. v. Fletcher, 804 F.3d 198 (2d Cir. 2015) (per curiam).[2] The Connecticut Supreme Court has answered that question in the negative. See Cadle Co. v. Fletcher, 324 Conn. 228, 244–45 (Dec. 23, 2016).

We have considered all of the Defendants' remaining arguments on appeal and find them to be without merit. Accordingly, for substantially the reasons set forth by the Connecticut Supreme Court, we **AFFIRM** the judgment of the District Court.

---

* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

1. The underlying facts, procedural history of the case, and issues on appeal are set forth in our opinion of October 14, 2015.

2. In light of the paucity of state precedent, we held that it was more appropriate for the Connecticut Supreme Court to interpret the relevant state statutes in light of Connecticut's overall statutory scheme. See Cruz v. TD Bank, N.A., 711 F.3d 261, 267–68 (2d Cir. 2013). Our decision to certify this question is fully explained in our previous opinion. See Cadle Co., 804 F.3d at 199–202.