14-3404-cv
*Cadle Co. v. Fletcher*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2015
No. 14-3404-cv

THE CADLE COMPANY,
*Plaintiff-Appellee,*

v.

MARGUERITE FLETCHER AND TERRY B. FLETCHER,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Connecticut

ARGUED: SEPTEMBER 25, 2015
DECIDED: FEBRUARY 6, 2017

Before: CABRANES and POOLER, *Circuit Judges*, and GARDEPHE,
*District Judge.*[*]

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern
District of New York, sitting by designation.

On appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) granting summary judgment to Plaintiff-Appellee on its claim of fraudulent transfer of assets and denying a motion by Defendants-Appellants for partial summary judgment. Relying on an opinion by the Connecticut Supreme Court holding post-garnishment residual wages are not exempt from further execution by a judgment creditor, we **AFFIRM** the judgment of the District Court.

---

> Paul N. Gilmore, Updike, Kelly & Spellacy, P.C., Hartford, CT, for *Plaintiff-Appellee.*
>
> John W. Larson (Nicholas J. Harding, on the brief), Reid & Riege, P.C., Hartford, CT, for *Defendants-Appellants.*

---

PER CURIAM:

Defendants-Appellants Marguerite Fletcher and Terry B. Fletcher appeal the August 13, 2014 judgment of the District Court granting summary judgment to Plaintiff-Appellee on its claim of fraudulent transfer of assets and denying a motion by Defendants-Appellants for partial summary judgment. The primary question on appeal is whether a judgment debtor's residual wages after garnishment are exempt from further execution under Conn. Gen.

Stat. §§ 52-361a and 52-367b, and thus should not be considered "assets" under the Connecticut Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552a *et seq.*[1]

On October 14, 2015, we entered an order certifying the question of whether Conn. Gen. Stat. §§ 52-361a and 52-367b exempt a judgment debtor's post-garnishment residual wages from further execution to the Connecticut Supreme Court. *See Cadle Co. v. Fletcher*, 804 F.3d 198 (2d Cir. 2015) (per curiam).[2] The Connecticut Supreme Court has answered that question in the negative. *See Cadle Co. v. Fletcher*, 324 Conn. 228, 244-45 (Dec. 23, 2016).

We have considered all of the Defendants' remaining arguments on appeal and find them to be without merit. Accordingly, for substantially the reasons set forth by the Connecticut Supreme Court, we **AFFIRM** the judgment of the District Court.

---

[1] The underlying facts, procedural history of the case, and issues on appeal are set forth in our opinion of October 14, 2015.

[2] In light of the paucity of state precedent, we held that it was more appropriate for the Connecticut Supreme Court to interpret the relevant state statutes in light of Connecticut's overall statutory scheme. *See Cruz v. TD Bank, N.A.*, 711 F.3d 261, 267-68 (2d Cir. 2013). Our decision to certify this question is fully explained in our previous opinion. *See Cadle Co.*, 804 F.3d at 199-202.